MICHAEL B. SMALL AND ANN SMALL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Small v. Commissioner
Docket No. 16461-91
United States Tax Court
T.C. Memo 1992-613; 1992 Tax Ct. Memo LEXIS 639; 64 T.C.M. (CCH) 1086; October 14, 1992, Filed *639 For Michael B. Small and Ann Small, pro se. For Respondent: John T. Loetie. FAY
FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: This case was assigned to Special Trial Judge Carleton D. Powell pursuant to the provisions of section 7443A(b). [1] The Court agrees with and adopts the opinion of the Special Trial Judge that is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE POWELL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed August 26, 1991. That motion alleges that a notice of deficiency was mailed to petitioners at their last known address on April 8, 1991, and that the petition was not filed timely. FINDINGS OF FACT On April 8, 1991, respondent mailed a notice of deficiency to petitioners. The notice determined deficiencies in income tax for the taxable years 1983 through 1987 in the respective amounts of $ 45,583, $ 49,819, $ 42,146, $ 40,657 and $ 27,207. The *640 notice also determined additions to tax for failure to timely file returns (section 6651(a)(1)), negligence (section 6653(a)) and substantial understatement of tax liability (section 6661) for each year. The address on the notice was 156 East Inlet Drive, Palm Beach, Florida 33480. The 156 East Inlet Drive address was petitioners' address at the time the notice was mailed. A letter, addressed to petitioners at the same address, was enclosed with the petition. That letter stated: Due to disclosure considerations, we did not send a copy of this Notice of Deficiency to the representative you named on Form 2848, Power of Attorney and Declaration of Representative. The notice includes a taxable year(s) not covered under the power of attorney. We have provided an extra copy of the report that you may wish to give to your representative. The U.S. Postal Form 3877 (Certified Mail List) shows that the notice was mailed, by certified mail, to petitioners on April 8, 1991. The address on the Form 3877 is 165 East Inlet Drive, Palm Beach, Florida 33480. (Emphasis added.) There is no such address. The notice of deficiency was not returned to respondent. Respondent, however, *641 did receive a Postal Service Form 3811, Domestic Return Receipt, showing that the "Article Addressed to" petitioners at "156 East Inlet Drive, Palm Beach, Florida 33480" was delivered on April 10, 1991. (Emphasis added). The signature on that form acknowledging receipt of certified mail reads "Small". Petitioners, through their counsel, [2] mailed a petition to the Court on July 23, 1991. Relevant here, the petition alleges that the notice of deficiency was mailed to petitioners "at some date after April 8, 1991". There is no allegation in the petition that the notice was not sent to petitioners' last known address. Petitioners resided in Palm Beach, Florida, when the petition was filed. Respondent filed a motion to dismiss for lack of juridiction, alleging that the petition was not timely filed. Petitioners filed a response in which they allege that they had executed a power of attorney in favor of their accountants and that power provided: "Send *642 originals of all notices and all other written communications" involving the tax years in question to the accountants "and a duplicate copy of all notices and all other written communications to the taxpayer named above". Attached to the response are two copies of Forms 2848, Power of Attorney and Declaration of Representative. The first power (Exhibit I) contains so-called "CAF Nos." of both accountants and was executed by petitioner Michael Small, but not by petitioner Ann Small. A CAF Number is a centralized authorization file number that is assigned by the Internal Revenue Service to the donee of a power of attorney. The number is put on the power of attorney by the donee, if he has a number. If not, it is put on the power by the Internal Revenue Service. The second power, attached to petitioners' response (Exhibit 1) contains no CAF Nos. and was executed by both petitioners. The Exhibit 1 power is from petitioners' files. We find that Ann Small did not execute the power of attorney that was sent to the Internal Revenue Service. The Exhibit I power of attorney is the original power sent to the Internal Revenue Service. Petitioners' response to respondent's motion also *643 states that: On July 22, 1991, Petitioner, MICHAEL B. SMALL, telephoned WOLFE [petitioners' counsel] and informed him that unbeknownst to his prior knowledge he had located an individual Tax Court Petition for himself and spouse, ANN SMALL that had been set aside in a stack of papers. With regard to when petitioners received the notice, petitioner (Mr. Small) testified: THE COURT: So you don't recognize that signature [on the PS Form 3811, Domestic Return Receipt]? THE WITNESS: Absolutely not. That is not our signature. That is not anyone in our household's. Once again, the only thing that I can surmise, under oath, Your Honor, is that apparently the delivery was made to 165 East Inlet, which is not our address. Perhaps the people there, because we have lots of renters in our neighborhood, people that are only living there seasonally -- * * * THE COURT: You found it [the notice] in your house? THE WITNESS: Yes, sir, that's correct, on July 20, 1991, without an envelope, sitting in the front hall closet up on a shelf. Someone apparently had put it there. OPINION Section 6213(a) provides in relevant part that, if a notice of deficiency is addressed to a person not outside *644 of the United States, "the taxpayer may file a petition for a redetermination of the deficiency" within 90 days. This 90-day period is jurisdictional, and, if a petition is not filed within that period, the case must be dismissed for lack of jurisdiction. (11 Cir. 1985). [3] *645 There is no question here that the petition was filed more than 90 days after the mailing of the notice. The notice was mailed on April 8, 1991, and the petition was received by the Court on July 24, 1991, 107 days after the notice was mailed.[4] Petitioners contend, however, that the notice of deficiency was invalid, and, therefore, the Court should dismiss the case on that ground. See . Section 6212(a) authorizes respondent to send a notice of deficiency to the taxpayer by certified or registered mail. The mailing is sufficient if the notice is addressed "to the taxpayer at his last known address". Sec. 6212(b)(1). If the address to which the notice is mailed is not the taxpayer's last known address, the notice is generally invalid. , affd . Petitioners argue that the power of attorney that was executed served to notify respondent that they wished that any notice of deficiency be sent to their accountants, and, therefore, their accountants' address constituted their "last known address". See , affd. without published opinion . While, as discussed infra, under the circumstances this argument is not controlling, we note that there are several *646 factual problems with petitioners' position. First, the power of attorney filed with respondent (Exhibit I) contains only the signature of Mr. Small. [5] The most that can be suggested then is that Mr. Small may have intended to change his address, but not that of his wife. But, under the circumstances that scenario seems somewhat whimsical. Second, putting aside the issue whether sending the notice to the accountants may have been improper because of section 6103, the accountants' address on the power is not complete. *647 In all events, even if the address to which the notice is mailed is not a taxpayer's last known address, if a taxpayer actually receives the notice within ample time to file a petition, the notice is valid. , revg. and remanding an Order of this Court; . Petitioners maintain, however, that the first time that they discovered the notice was July 20, 1991. Petitioners speculate the notice and the attached letter must have been sent to them at 165 East Inlet Drive, were accepted by persons unknown, and then surreptitiously found their way into petitioners' house without an envelope. This explanation is cut from whole cloth. First, the most likely explanation for the 165 East Inlet Drive address appearing on the Form 3877 is that it was a typographical error on that form. The return receipt (PS Form 3811), the notice of deficiency and the attached letter were all addressed to the 156 East Inlet Drive address. Second, there is no 165 East Inlet Drive from which the notice could have been forwarded. Third, it *648 is inconceivable that the notice and letter were opened, the envelope destroyed, and the notice and letter put in petitioners' hall closet by someone unknown. In short, we conclude that the envelope in which the notice was mailed was correctly addressed to 156 East Inlet Drive and was received by petitioners at that address on April 10, 1991. Even if we assume then that the address was not the last known address for Mr. Small, the notice was received by petitioners, and they had ample time to file a timely petition. Accordingly, the notice was valid, and the petition was not timely filed. The case must be dismissed for lack of jurisdiction. [6]
*649 An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code.↩
2. Petitioners' counsel subsequently withdrew from the case.↩
3. Venue for an appeal in this case would be in the Eleventh Circuit. Sec. 7482(b)(1)(A). Under the so-called Golsen doctrine, the Court would follow the case precedent of that Circuit. See , affd. on other grounds .↩
4. The petition was mailed on July 23, 1991.↩
5. Petitioners contend that the operative power of attorney contained the signatures of both petitioners. This dispute focuses on the differences between Exhibit 1 (from petitioners' files) and Exhibit I (from respondent's files). We have found that the operative power is Exhibit I. That power bears the CAF Nos. of the donees of the power. While the accountants did not testify, it seems more likely that Mr. Small copied the form, executed the power, and sent it to the accountants who then added the CAF Nos. and forwarded it to respondent. Mrs. Small apparently executed the retained copy at a later date. Mrs. Small did not testify. See , affd. .↩
6. Petitioners urge that we should use our powers to save jurisdiction in this case. The long and short of the matter, however, is this Court is a court of limited jurisdiction, and we have no such powers. See ; , affd. on other issues .↩